# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

RAFIQ Y. JAWAD,
               Appellant,

        v.

OFFICE OF PERSONNEL
   MANAGEMENT,
               Agency.

DOCKET NUMBER
PH-0845-21-0072-I-1

DATE:  December 5, 2023


# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Lynette A. Whitfield, Esquire, Rockville, Maryland, for the appellant.

Karla W. Yeakle, Esquire, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member


**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal of a reconsideration decision issued by the Office of Personnel Management (OPM) as untimely filed without good cause shown.  On petition for review, the appellant reiterates his arguments from below that he established good cause for his untimely filing and also argues, for the first time,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

that OPM did not inform him of his Board appeal rights. Petition for Review (PFR) File, Tab 2 at 6-12. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2      The administrative judge correctly found that the appellant's appeal of OPM's reconsideration decision was untimely filed by 108 days. Initial Appeal File (IAF), Tab 8, Initial Decision (ID) at 3-4. She also found that the appellant's arguments that he relied on prior counsel's advice to email his appeal to the regional office within the filing period and that he had two relatives contract COVID-19, which prevented him from following up on his email attempt to file his appeal, failed to show that he timely filed his appeal or that good cause existed for the untimely filing. ID at 4-5. The appellant renews these arguments on review, PFR File, Tab 2 at 8, 10-12, but, as explained below, we agree with the administrative judge's conclusion.[2]

[2] The appellant asks on review that, if the Board agrees with the administrative judge that his appeal was untimely filed without good cause shown, which, as explained here, we do, we exercise our authority under 5 C.F.R. § 1201.118 to reopen his appeal. PFR File, Tab 2 at 12-13. That regulation provides that "the Board may at any time reopen any appeal in which it has issued a final order or in which an initial decision has become the Board's final decision by operation of law." *See* 5 C.F.R. § 1201.118. The

¶3        Regarding the appellant's reliance on advice of counsel to email his appeal, the Board's regulations explain that it will not accept pleadings by email and set forth acceptable methods of filing to include commercial or personal delivery, facsimile, mail, or electronic filing with the Board's e-Appeal system. *See* 5 C.F.R. §§ 1201.14 (d), 1201.22(d). It is well settled that an appellant is responsible for the errors of a chosen representative. *See Sofio v. Internal Revenue Service*, 7 M.S.P.R. 667, 670 (1981). As such, the appellant's reliance on his counsel's advice to file his appeal by email does not constitute good cause for an untimely filing. *See Hairston v. Department of Defense*, 119 M.S.P.R. 162, ¶ 18 (2013) (explaining that a representative's mistaken belief regarding the applicable law and Board procedures provided no basis for waiving a filing deadline), *modified on other grounds by Buelna v. Department of Homeland Security*, 121 M.S.P.R. 262, ¶ 18 n.7 (2014). Additionally, the Office of the Clerk of the Board responded to the appellant's emailed submission only a few days later, explaining that the Board does not accept submissions by email and explaining the appropriate filing methods. PFR File, Tab 2 at 20. Nonetheless, the appellant did not file his appeal until nearly 4 months later.

¶4        Regarding the appellant's claim that two of his relatives contracted COVID-19 and that his care of those relatives prevented him from checking his email to learn that the Board had attempted to inform him that email was not an acceptable method of filing,[3] we agree with the administrative judge's conclusion

application of this regulation to the instant appeal is unclear because at the time the appellant filed his petition for review, there was no final decision in this matter that the Board could reopen. Rather, the Board's final decision on the matter is the instant decision issued here. Thus, 5 C.F.R. § 1201.118 would not be an operative remedy for the appellant, and his reliance on it for relief is misplaced. In any event, the Board generally does not reopen cases to cure an untimely filing. *See Nohr v. U.S. Postal Service*, 112 M.S.P.R. 220, ¶ 10 (2009).

[3] The appellant explains in his petition for review that he sent the August 28, 2020 email attempting to effectuate an appeal with the assistance of a friend because she had a computer and that the Board's subsequent response email was sent to her email address. PFR File, Tab 2 at 6. We make no distinction, however, because the appellant should have known to check the email account from which he attempted to file his

that the existence of ill relatives, without more, is insufficient to establish circumstances beyond the appellant's control that affected his ability to comply with the time limits.  ID at 5.  The appellant's argument on review that he was required to travel to South Carolina to care for those relatives still does not show that he was faced with circumstances beyond his control that prevented him from filing a timely appeal.  PFR File, Tab 2 at 8.

¶5        The appellant argues on review, for the first time, that OPM did not inform him of his right to appeal to the Board, and he submits what he asserts is a full copy of the reconsideration decision, which does not appear to include Board appeal rights.  PFR File, Tab 2 at 11, 16-18.  The Board generally will not consider an argument raised for the first time on review absent a showing of new and material evidence not previously available despite due diligence, *see Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016), nor will it consider evidence submitted for the first time with a petition for review absent a showing that it was unavailable before the record closed before the administrative judge despite the party's due diligence, *see Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 213-14 (1980).  The appellant has not made either showing.  Nonetheless, because of the gravity of this allegation, we have considered both the argument and evidence here.

¶6        Although the appellant appears to be correct that OPM failed to inform him of his appeal rights, and OPM has not shown otherwise, the Board has held that, if an agency fails to advise an employee of appeal rights when it should have done so, the appellant is not required to show that he exercised due diligence in attempting to discover his appeal rights; rather, he must show that he was diligent in filing an appeal after learning he could do so.  *See Brown v. U.S. Postal Service*, 115 M.S.P.R. 609, ¶ 5 (2011), *aff'd*, 469 F. App'x 852 (Fed. Cir. 2011).  By the appellant's own admission, he consulted with an attorney almost immediately after OPM issued its reconsideration decision, who advised him of

appeal for any updates from the Board.

his appeal rights and instructed him to file an appeal by email, which he did on August 28, 2020. PFR File, Tab 2 at 6, 20. As such, even if OPM failed to provide the appellant with appeal rights, it was not that failure that led to the untimely filing. Rather, the appellant appears to have learned of his appeal rights within the 30-day filing period but admits that he relied on advice of prior counsel to file appeal documents via email, *id.* at 10-11, despite the Board's regulations, which, as set forth above, explicitly prohibit emailed pleadings and provide for acceptable methods of filing, *see* 5 C.F.R. §§ 1201.14(d), 1201.22(d). Also, the Board promptly responded to the appellant's attempt to file by email, informing him of the proper ways to file an appeal. PFR File, Tab 2 at 20. We reiterate that an appellant is responsible for the errors of his chosen representative. *Hairston*, 119 M.S.P.R. 162, ¶ 18; *see also Sofio*, 7 M.S.P.R. at 670. Accordingly, the appellant's argument does not provide a basis to disturb the initial decision.[4]

---

[4] In addition to OPM's reconsideration decision and the email correspondence with the Board from August 2020, the appellant also submits with his petition for review a financial resources questionnaire and a decision from the Social Security Administration (SSA) regarding an overpayment of disability insurance benefits. PFR File, Tab 2 at 24-29. As set forth above, the Board generally will not consider evidence submitted for the first time with a petition for review absent a showing that it was unavailable before the record closed before the administrative judge despite the party's due diligence. S*ee Avansino*, 3 M.S.P.R. at 213-14. Here, the financial resources questionnaire appears undated, and the SSA decision is dated January 30, 2018. The appellant's instant appeal was filed on December 14, 2020. IAF, Tab 1. Thus, at least one of the documents was available before the record closed before the administrative judge, and the appellant has not explained why he was unable to submit it below. Regardless, the documents appear to relate to the underlying OPM reconsideration decision, and the appellant has not explained how these documents are relevant to the question of timeliness, nor has he otherwise shown that they of sufficient weight to warrant an outcome different than that of the initial decision, and thus, they do not provide a basis to grant the petition for review. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (stating that the Board generally will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).

**NOTICE OF APPEAL RIGHTS**[5]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

Jennifer Everling

_____

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.